**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **JOSE ARZUAGA**,<br>  - **Plaintiff**, | |
| v. | **PRISONER**<br>**CIVIL NO. 3:10-cv-1200 (DJS)(TPS)** |
| **ANGEL QUIROS ET AL**,<br>  - **Defendants.** | |

**Ruling on Plaintiff's Motion to Preserve Evidence**

Plaintiff Jose Arzuaga, currently incarcerated at Northern Correctional Institution ("NCI"), filed his complaint pro se under 42 U.S.C. § 1983. [See dkt. #2.]  He sues the warden, three captains, three lieutenants, a correctional officer, a health services administrator, three psychologists, two social workers, and a nurse at NCI, seeking injunctive and declaratory relief, as well as money damages and costs.  Id.  Plaintiff filed his complaint on July 29, 2010, and Judge Squatrito issued his initial review order ("IRO") on January 3, 2011.  [See dkt. #5.]  The deadline for defendants to file their response to plaintiff's complaint was seventy (70) days from the date of the IRO: March 14, 2011.  Id.  Defendants were served on February 14, 2011 [see dkt. #15] but have not yet filed an answer or a motion to dismiss.

Plaintiff seeks the preservation of "all video tapes that were operated, used on the plaintiff, in the year of 2008 while being brought, housed in, removed, from housing unit cell 1 east 101."

Plaintiff claims that the video tapes will support his account of the conduct described in paragraphs 10 and 11 of his second claim. Plaintiff asserts that he cannot recover these video tapes until defendants' counsel files an appearance and discovery begins. To avoid "mistakes or misunderstanding" in the interim, plaintiff asks the Court to order the preservation of the video tapes.

In considering motions to preserve evidence, courts have applied a balancing test, weighing the specific, significant, and imminent threat of loss or destruction of evidence against the burden that preserving the evidence would impose. See, e.g., Oliphant v. Villano, No. 3:09-cv-862 (JBA), 2010 WL 537749, at *11 (D. Conn. Feb. 11, 2010) (citing Treppel v. Biovail Corp., 233 F.R.D. 363, 370-72 (S.D.N.Y. 2006) and Capricorn Power Co., Inc. v. Siemens Westinghouse Power, 220 F.R.D. 429, 435 (W.D. Pa. 2004)).

In Treppel, the Court noted that "the issuance of a preservation order is by no means automatic, even in a complex case." 233 F.R.D. at 370. The Court denied Treppel's motion to prevent the destruction of evidence because Treppel failed to demonstrate a significant threat that the evidence would be destroyed. Id. at 371. Similarly, the defendant in Capricorn had not demonstrated that evidence would be lost or destroyed. 220 F.R.D. at 436. The Court concluded that "[h]ad there been evidence of attempted damage or destruction of the report or the data compilations used to produce it, the Court's level of concern for

2

the protection and integrity and existence of the evidence would have been different." Id. at 437.

Here in the District of Connecticut, Judge Arterton concluded in Oliphant that since "the tapes in question may be recycled or recorded over, . . ., and preserving them would impose a minimal burden, Mr. Oliphant's motions for an order to preserve those specific items of evidence will be granted." 2010 WL 537749, at *12. Judge Arterton's reasoning applies to plaintiff's instant motion as well. It is quite possible that these tapes, which could provide video evidence to confirm or refute plaintiff's second claim, could be taped over, erased, or simply thrown into the trash pursuant to NCI's regular procedures. This alone is proof of a significant threat to the video tapes' continued existence. Consequently, plaintiff's motion for an order to preserve the videotapes from unit cell 1 east 101 is **GRANTED**.

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut, this 22nd day of March, 2011.**

　　　　　　　　　　　　　　　　　　**/s/ Thomas P. Smith**
　　　　　　　　　　　　　　　　　　**Thomas P. Smith**
　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**